

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ANTRON L. SIMS                                                    PLAINTIFF

VS.                              CIVIL ACTION NO. 3:03-cv-939(DCB)(JCS)

A & A SAW & MACHINE COMPANY, INC.                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff Antron L. Sims' motion for summary judgment **(docket entry 20)**. Having carefully considered the motion and the record in this case, the Court finds as follows:

This is a personal injury action, seeking damages for products liability arising out of an industrial accident at the plaintiff's place of employment. Counsel for the defendant, A & A Saw & Machine Company, Inc. ("A&A"), withdrew after answering the complaint on June 21, 2004. A&A has failed to respond to the motion for summary judgment. However, A&A's Answer asserts that it is not amenable to service in Mississippi and that this Court is without personal jurisdiction over it. (Answer and Defenses, p. 2).

Personal jurisdiction over a nonresident defendant may be achieved only when the plaintiff demonstrates that both (1) Mississippi's long-arm statute applies; and (2) due process principles under the Fourteenth Amendment to the United States Constitution are satisfied. Willow Creek Exploration, Ltd. V.

Tadlock Pipe & Equip., Inc., 186 F.Supp.2d 675, 680-81 (S.D. Miss. 2002). Under the long-arm statute, a nonresident corporation is subject to jurisdiction in the Mississippi courts if it (a) makes a contract with a Mississippi resident to be performed in whole or in part in this state; (b) commits a tort in whole or in part in this state against a resident or nonresident; or (c) conducts any business or performs any character of work or service in Mississippi. Miss. Code Ann. § 13-3-57 (Supp. 2002); Thrash Aviation, Inc. V. Kelner Turbine, Inc., 72 F.Supp.2d 709, 714 (S.D. Miss. 1999). When a nonresident defendant raises the defense of lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. Roxco, Ltd. V. Harris Spec. Chem., Inc., 133 F.Supp.2d 911, 914 (S.D. Miss. 2000). The due process protection of ensuring minimal contact with the forum requires the court to determine whether the assumption of jurisdiction over a nonresident offends traditional notions of fair play and substantial justice, and is based upon the nonresident's purposeful availment of the privilege of doing business in Mississippi. Latshaw v. Johnson, 167 F.3d 208, 211 (5th Cir. 1999).

Summary judgment cannot be granted as a sanction for merely failing to file a response to a motion for summary judgment. John v. Louisiana Bd. Of Trs. For State Colls. and Univs., 757 F.2d 698, 709 (5th Cir. 1985). The initial burden of demonstrating that there

is no genuine issue of material fact rests with the party requesting summary judgment. United States v. An Article of Food, 622 F.2d 768, 771 (5th Cir. 1980). "[T]he non-movant is under no obligation to respond unless the movant discharges the initial burden of demonstrating that 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" John, 757 F.2d at 709.

The defendant alleges the following concerning personal jurisdiction:

> The panel saw which was allegedly involved in the occurrence set forth herein was manufactured in 1972 on order for a third party sales and distribution company for delivery to Madison Furniture Company in Oklahoma, not Mississippi.
>
> A&A has never sold products to customers in Mississippi, had offices in Mississippi, engaged the serves [sic] of any employee or third party representative to either sell, manufacture or repair the products it made. A&A has not done business of any type and has done no other such acts which subject it to the Court's jurisdiction in Mississippi under the Mississippi long arm statute.
>
> Having never conducted business in Mississippi, it would be constitutionally unfair to require A&A to defend this action in Mississippi. The Defendant is subject to the jurisdiction of the Federal and State Courts of Illinois.

(Answer and Defenses, pp. 1-2). The plaintiff has alleged no facts supporting the exercise of personal jurisdiction over A&A, other than that the subject incident and Sims' injuries occurred in Madison County, Mississippi.

The existence of personal jurisdiction over a defendant is a threshold issue which must be addressed before proceeding to the merits of the case. The plaintiff's motion for summary judgment is therefore premature, and it shall be denied without prejudice to be refiled if and when the Court determines that it can properly exercise personal jurisdiction over A&A. The plaintiff shall be granted ten (10) days from the entry of this Order to demonstrate grounds for the exercise of personal jurisdiction over the defendant. Accordingly,

IT IS HEREBY ORDERED that the plaintiff Antron L. Sims' motion for summary judgment **(docket entry 20)** is denied without prejudice;

FURTHER ORDERED that the plaintiff is granted ten (10) days from the entry of this Order to demonstrate grounds for the exercise of personal jurisdiction over the defendant.

SO ORDERED, this the 7th day of September, 2005.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE