IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ANTRON L. SIMS                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:03-cv-939(DCB)(JCS)

A & A SAW & MACHINE COMPANY, INC.                                 DEFENDANT

ORDER

This cause is before the Court pursuant to the Court's Order of February 10, 2006, and the plaintiff's response thereto. Having carefully considered the plaintiff's response, and being fully advised in the premises, the Court finds as follows:

On September 7, 2005, the Court ordered the plaintiff to demonstrate grounds for the exercise of personal jurisdiction over the defendant. The plaintiff filed a response, pointing out that "the Defendant has been non-compliant with discovery, failed to hire new counsel and otherwise refused to meaningfully participate in this litigation." Plaintiff's Response to the Court's Jurisdictional Inquiry, ¶ 3. The plaintiff also stated:

> Thus, the Defendant's refusal to participate in the discovery process has essentially crippled the Plaintiff's ability to gather facts that will establish that this Court has personal jurisdiction over the Defendant. Accordingly, Plaintiff cannot provide the Court with facts and/or information as to the nature and volume of Defendant's contacts within the State of Mississippi, in accordance with the Mississippi Long Arm Statute, and resolve other important issues such as the route in **[sic]** which the subject product took in arriving to the State of Mississippi.

Id. at ¶ 5. The plaintiff requested leave to propound "written

discovery directed specifically to th[e] jurisdictional issue." Id. at ¶ 4.

On October 7, 2005, the Court granted the plaintiff's request to conduct further discovery. On October 17, 2005, Magistrate Judge Sumner ordered that discovery be completed within 45 days, and granted the plaintiff 15 days from that date to supplement his response to the Court's order regarding jurisdiction. On October 19, 2005, the plaintiff propounded the additional discovery.

On February 10, 2006, the Court ordered the plaintiff to show cause for his failure to supplement his response regarding personal jurisdiction. In his response, filed February 13, 2006, the plaintiff states that the defendant has failed and/or refused to respond to the jurisdictional discovery. The plaintiff has not, however, filed a motion to compel discovery, explaining: "It is respectfully submitted that seeking a Motion to Compel responses to the jurisdictional discovery would have been an exercise in futility as the Defendant has wholly failed and/or refused to respond to this Court's prior June 29, 2005 Order compelling responses to Plaintiff's original discovery under threat of [summary judgment]." (Plaintiff's Response of February 13, 2006, p. 2). The plaintiff instead seeks summary judgment against the defendant on the grounds that the defendant has persistently refused to respond to discovery or otherwise actively participate in this case. (Id., pp. 2-3).

Without a finding that this Court has personal jurisdiction over the defendant, summary judgment cannot be entered in favor of the plaintiff.  Thus, the only avenue available to the plaintiff is that recognized by the Supreme Court in Insurance Corp. of Ireland v. Compaignie des Bauxites de Guinee, 456 U.S. 694 (1982).  In that case, the Supreme Court stated that a party's refusal to respond to jurisdictional discovery may result in a sanction under Fed.R.Civ.P. 37 which, in effect, results in a constructive waiver of any objection to personal jurisdiction, or estops that party from disputing that it is subject to the personal jurisdiction of the court.  Id. at 703-07.  The court's discretion in imposing such a sanction is subject to two requirements: (1) the sanction must be just, and (2) it "must be specifically related to the particular 'claim' which was at issue in the order to provide discovery."  Id. at 707.

It is not unconstitutional for a court to deem personal jurisdiction as established under Rule 37.  Id. at 701-05 (holding that the personal jurisdiction requirement stems from the due process clause and thus it may be waived).  A district court has wide discretion to impose sanctions under Rule 37.  See 8A Wright, Miller & Marcus, Federal Practice and Procedure, § 2282 (1994).  However, for the Court to impose sanctions under Rule 37, there must first be a violation of a discovery order.  See GFI Computer Industries, Inc. v. Fry, 476 F.2d 1, 3 (5th Cir. 1973).

The June 29, 2005, Order, referred to by the plaintiff in his response, addresses the plaintiff's motion for summary judgment filed April 20, 2005, and orders the defendant to show cause for, <u>inter alia</u>, its failure to respond to discovery.  The discovery referenced in this Order is the plaintiff's First Set of Written Discovery, propounded to the defendant on October 20, 2003.  The Interrogatories relevant to the issue of personal jurisdiction are No. 7(C), which inquires whether the defendant "has or continues to conduct any business in the State of Mississippi;" and No. 10, which requests that the defendant identify "all furniture manufacturing plants or companies in the State of Mississippi of which you are aware that utilize A&A machinery, including but not limited to, panel saws."  In addition, Request for Production No. 9 seeks production "of all documents in your possession, custody or control regarding any business dealings with any customer or supplier located in the State of Mississippi from 1943 through the present."  (First Set of Written Discovery, October 20, 2003).

The Court's June 29, 2005, Order is not a discovery order <u>per se</u>.  Rather than compelling discovery responses pursuant to Rule 37, it simply orders the defendant to show cause for its failure to respond to the plaintiff's motion for summary judgment and discovery requests.  The "claim" addressed by the Order is the plaintiff's motion for summary judgment, and the possibility that the defendant's failure to respond could result in entry of summary

judgment against it.  The defendant's defense of lack of personal jurisdiction was not then under consideration by the Court, and did not arise until the Court's Order of September 7, 2005.  <u>See</u> <u>Insurance Corp. of Ireland</u>, 456 U.S. at 707 (requiring that Rule 37 sanctions must be specifically related to the particular claim at issue in the order to provide discovery).  Moreover, the June 29, 2005, Order does not warn the defendant that the Court will impose sanctions under Rule 37 if it fails to comply with the discovery requests.  <u>See</u> <u>id</u>. at 708 (requiring that a defendant have "ample warning that a continued failure to comply with the discovery orders would lead to the imposition of [Rule 37] sanction[s]").

The plaintiff's remedy is therefore to file a motion under Rule 37(a) for an order compelling the defendant to respond to the jurisdictional discovery requests.  <u>GFI Computer Industries</u>, 476 F.2d at 3.  If such an order is entered and the defendant fails to comply, then the plaintiff may file a motion for sanctions pursuant to Rule 37(b).  <u>Id</u>.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff's request for summary judgment, contained in his response to the Court's February 10, 2006, show cause order, is denied without prejudice.

SO ORDERED, this the 27th day of February, 2006.

<u>S/DAVID BRAMLETTE</u>
UNITED STATES DISTRICT JUDGE